### ARGUED AND DETERMINED

#### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

DARBY GREEN *vs.* JOHN P. CARIGIANIS.

Suffolk. November 14, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Nuisance. Negligence,* Of one controlling real estate. *Evidence,* Presumptions and burden of proof.

One who, as lessee, has full control of a building, which is constructed to the line of a street and has a slate roof sloping toward the street, is bound to keep the premises in such a condition that travellers on the street shall not suffer injury, and is liable if, because of a breach of that duty, injuries are caused to such a traveller by a piece of slate falling from the roof.

If at the trial of an action for personal injuries caused by a piece of slate falling upon the plaintiff from the roof of a building immediately adjoining a highway, it appears that the jury took a view of the premises, that the roof of the building sloped toward the highway and that the plaintiff when he was struck was opposite the middle of the building and ten feet from the line of any adjoining building, and three witnesses including the defendant testify that they saw the slate fall but do not state that it fell otherwise than in a vertical line, and there is no evidence to indicate that the falling of the slate was due to the act of a third person, or that the slate was blown by the wind, the trial judge is warranted in refusing to order a verdict for the defendant and in submitting the case to the jury, who are warranted in inferring that the slate which struck the plaintiff fell from directly above him, and in finding for the plaintiff.

TORT for personal injuries caused by a piece of slate falling upon the plaintiff when he was passing along the sidewalk in front of premises which the defendant held under a lease and of which he was in exclusive control. Writ dated December 18, 1911.

In the Superior Court the case was tried before *White,* J. So much of the evidence as is material to the decision is stated in the opinion. At the close of the evidence, the defendant requested that a verdict be ordered for him. The request was refused. There was a verdict for the plaintiff in the sum of $243; and the defendant alleged exceptions.

*J. M. Graham,* for the defendant.

*G. H. Mellen,* (*W. B. Keenan* with him,) for the plaintiff.

DE COURCY, J. A piece of roofing slate fell and struck the plaintiff on the head as he was walking along the sidewalk of Dorchester Avenue in South Boston, and was opposite the middle of the building numbered 125. This building was a three and a half story structure, and was the southerly one in a block of three, all of them being of the same style, with slate roofs that had a pitch toward the sidewalk, and each constructed out to the line of the street. It is conceded that the plaintiff was in the exercise of due care. The entire building numbered 125 was in the exclusive control of the defendant as lessee; and hence it was his duty, as between himself and the public, to keep it in such safe condition that travellers on the highway should not suffer injury therefrom. *Shipley* v. *Fifty Associates,* 101 Mass. 251. *Khron* v. *Brock,* 144 Mass. 516. *Green* v. *Nightingale,* 211 Mass. 273.

Whether the falling slate came from the roof of the defendant's building was a question of fact; and although the evidence on that issue was meagre we cannot say that it was insufficient to warrant the jury in finding as they did. They took a view of the premises, and were not bound to accept the testimony of the defendant's witnesses as to the condition of the roof on the day after the accident. Nor were they left to mere conjecture to decide where the slate came from. The suggestion that there was no basis in the facts observed for a logical and reasonable inference that the slate fell from the roof of the defendant's house, rather than from the adjoining building, ignores the fact that the plaintiff was ten feet away from the line of the latter building, and the strong probability that in the absence of any wind a heavy object like a slate in falling would come down in a substantially perpendicular direction by force of gravity. Further, two witnesses for the plaintiff, and the defendant himself testified that they saw the falling slate; and none of them said that it came otherwise than from directly

overhead. It may be added that there was no evidence to indicate that there was any one on the roof, or that the falling of the slate was due to the act of a third person.

The plaintiff was not bound to exclude the possibility that the slate might have come from another roof, but the burden was on him to satisfy the jury by a fair preponderance of the evidence, including the inferences that legitimately might be drawn from the facts, that it did come from the roof of the defendant's building. See *Lowner* v. *New York, New Haven, & Hartford Railroad,* 175 Mass. 166; *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138 ; *Woodall* v. *Boston Elevated Railway,* 192 Mass. 308; *Kearney* v. *London, Brighton & South Coast Railway,* L. R. 6 Q. B. 759. The case is distinguishable from *McGee* v. *Boston Elevated Railway,* 187 Mass. 569, on the facts. In *Wadsworth* v. *Boston Elevated Railway,* 182 Mass. 572, it was properly inferred that the sawdust and wood came from the elevated structure, but the plaintiff failed to show that they fell by reason of negligence on the part of the defendant.

*Exceptions overruled.*