HARRY YORRA vs. CHARLES J. LYNCH.

SAME vs. EDWARD C. DONNELLY.

Suffolk.    October 19, 20, 1916. — March 1, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Nuisance.   Landlord and Tenant.   Negligence,* Of one controlling real estate.
*Party Wall.   Evidence,* Presumptions and burden of proof.

If a minor son of the tenant of a tenement in a building on a city street is leaning
out of a window in his father's tenement and is struck on the head by a piece of
old galvanized iron that formed a part of the capping of a party wall of the
building, he can maintain an action against the owner of the building in control
of the party wall for his injuries thus sustained.

One who has hired the exclusive right to use the roof of a building for bill posting
and general advertising and has agreed "to keep the roof in repair" is under no
obligation to repair the capping of a party wall of the building which is not a
part of the roof.

On the question whether a party wall of a building is under the control of the owner
of the building, if it appears that the adjoining building is one story lower, it
must be inferred in the absence of other evidence that the wall was built by the
owner of the higher building or some predecessor in title of that owner and
remained in his control.

A minor son of the tenant of a tenement in a building on a city street, who is lean-
ing out of a window of his father's tenement, has the same right not to be struck
on the head by a piece of metal falling from the building that a traveller on the
adjoining sidewalk has.

Two ACTIONS OF TORT, both by a minor by his next friend, for
personal injuries sustained by the plaintiff on September 27, 1914,
when he was leaning out of an open window in the tenement let to
his father in the building numbered 155 on Leverett Street in
Boston, by being struck on the left side of his head by a piece of
metal that had become detached from some part of the building,
the first action being against the owner of the building and the
second action against the tenant of the roof of the building. Writs
dated respectively November 18, 1914, and August 2, 1915.

In the Superior Court the cases were tried together before
*Fessenden,* J.  The evidence is described in the opinion. At
the close of the evidence the judge ordered a verdict for the
defendant in each action, and at the request of all the parties

reported the cases for determination by this court, with the stipulation that, if the ordering of the verdicts was right, final judgment should be entered for each defendant, and that, if one case should have been submitted to the jury, and the other not, then final, judgment in the sum of $400 should be entered for the plaintiff in the case which should have been submitted to the jury and final judgment should be entered for the defendant in the other case. If both cases should have been submitted to the jury, then final judgment in the sum of $200 was to be entered for the plaintiff in each case.

*H. Silverman,* for the plaintiff.

*C. L. Allen,* (*B. H. McKinley* with him,) for the defendant Lynch.

*E. C. Stone,* for the defendant Donnelly.

LORING, J. The decision in *Green v. Carigianis,* 217 Mass. 1, is decisive of the main issue in the case at bar. In *Green v. Carigianis,* it was decided that the plaintiff made out a case by showing that while passing along the sidewalk he was struck by a slate which fell from the roof of a building in the occupation and control of the defendant. In the case at bar there was evidence that the plaintiff, while leaning out of a second story window of a building owned by and in the control of the defendant Lynch, was struck by a part of the capping of the party wall; that the building was owned by Lynch and was let by him in tenements; that the second story was let to and occupied by the plaintiff's father (apparently as a subtenant) and that the plaintiff was a member of his father's family; that the capping which fell on the plaintiff was a piece of old galvanized iron that had been exposed to the elements for some three or four years, which was the average life of such material; and that it came from some part of the party wall within ten feet back from the front of the building.

1. Lynch's first contention is that if either defendant is liable it is not he but Donnelly. This contention is founded on the fact that Lynch had let to Donnelly the exclusive right to use the roof for bill posting and general advertising and upon the further fact that in this connection Donnelly had agreed "to keep the roof in repair" and so had become the person who was liable (if either was liable) within the doctrine of *Wixon v. Bruce,* 187 Mass. 232.

But by the true construction of it that agreement was confined to the roof and did not cover the party wall. The party wall remained in the occupation and control of the defendant Lynch.

2. Lynch's next contention is that the plaintiff did not show that he rather than the owner of the adjoining building owned and controlled the party wall and therefore no case against him was made out by the evidence. It appears from the bill of exceptions that the adjoining building was one story lower than Lynch's building. Under these circumstances it must be taken in the absence of further evidence that the wall was built by Lynch or some predecessor in title and was in Lynch's control.

3. Lynch's next contention is that this case comes within the rule as to common stairways and hallways (as to which see *Flanagan* v. *Welch*, 220 Mass. 186) and for that reason the burden was upon the plaintiff to prove that the party wall was in a worse condition than it was or appeared to be at the beginning of the lease to the plaintiff's father, and no evidence as to that effect was put in by the plaintiff. But when the plaintiff was hurt he was not using a common hallway or passageway. On the contrary he was using the tenement to which his father had the exclusive right under the lease or sublease to him. The rule of common hallways has nothing to do with the case at bar.

4. The plaintiff was entitled to the same protection from slates or pieces of capping falling from the roof that a traveller on the sidewalk is entitled to.

5. Lynch has also contended that this case comes within *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572, and *McGee* v. *Boston Elevated Railway*, 187 Mass. 569. Both of these cases were considered and distinguished in *Green* v. *Carigianis*, *ubi supra*.

6. There was no evidence on which the jury could find that the defendant Donnelly was liable.

By the terms of the report judgment is to be entered on the verdict in the action against Donnelly. In the action against Lynch judgment is to be entered for the plaintiff in the sum of $400.

*So ordered.*