**William H. Belcher, Administrator, Appellant, v. John M. Smyth Company, Appellee.**

**Gen. No. 31,123.**

1. NEGLIGENCE—*duty of owner of store as to children of customers.* In an action against a store owner for his negligently causing a child's death, the owner by inviting the public to his store to purchase goods is bound to show that his goods are so stored that they will not unduly expose to danger children of his customers by being placed so unguarded as to fall upon and injure them.

2. NEGLIGENCE—*when instruction or intervening cause erroneous.* An instruction, in a suit against a store owner for negligently causing a child's death, that plaintiff must prove the roll of linoleum fell upon his son without the child's touching it which would constitute a proximate cause of his injury, was wrong as the store owner would be liable whether the child touched the roll or not.

3. NEGLIGENCE—*acts of children under seven.* A child under seven years of age must be held incapable of negligence in going near or to large rolls of linoleum placed by a store owner in an insecure position.

4. NEGLIGENCE—*when instruction on duty of parents to children erroneous.* No evidence being offered by defendant store owner to show negligence of the parents in caring for the child while in his store, the court wrongly instructed that it was the duty of the parents to exercise due care for the child's safety, in their suit against him for negligently causing their child's death.

5. EVIDENCE—*what not judicially noticed.* In an action against a store owner for negligently causing a child's death by so storing linoleum rolls that one fell upon the child, the court cannot take judicial notice that it is a common custom to store linoleum rolls on end without support.

6. NEGLIGENCE—*effect of custom.* General custom of retail stores in placing linoleum on end without support was some evidence for the jury, in a suit against a store owner for negligently causing a child's death, but it was by no means conclusive of the store owner's lack of negligence.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed December 29, 1926.

HARRY H. FELGAR, for appellant.

JOHN CLARK BAKER, for appellee; GROVER C. MCLAREN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover damages on account of the death of William McKiernan Belcher, a minor, claimed to have been caused by the negligence of the defendant. There was a verdict and judgment in favor of the defendant and plaintiff appeals.

The record discloses that William McKiernan Belcher, a child about 6 years of age, was taken by his parents to the retail store of the defendant company, where the parents expected to make some purchases, and while they were there, a roll of linoleum, cylindrical in form, 6 feet in height, about 12 to 14

Belcher v. John M. Smyth Co., 243 Ill. App. 65.

inches in diameter and weighing 205 pounds, which was standing on one end near a partition in the building, fell and struck the child and injured him so that he died the next day.

Plaintiff's declaration was in three counts: In the first count it was alleged that the defendant owned and operated a store for the sale of merchandise, and that it was the duty of the defendant to exercise reasonable care to see that the premises were reasonably safe for those rightfully on the premises, but that it failed in this regard and negligently placed a long cylindrical roll of linoleum upon its end without any support or fastening to keep it from falling, and that it fell and injured the 6-year-old child, who was with his parents, as a result of which he died. There is also an allegation to the effect that the parents were in the store at the time upon the invitation of the defendant to purchase goods. The second count was to the same effect, except that it charged that the linoleum stood upon an uneven floor, and the third count charged that the linoleum in hot weather would wilt, and it was averred that the defendant was negligent in not seeing that the floor was even, failing to protect the linoleum which fell as a result of the hot weather.

There is little or no conflict in the evidence and it tends to show that on June 19, 1923, William H. Belcher and his wife went with their two children, a boy 6 years of age and a girl about 2½ years old, to the defendant's place of business for the purpose of making some purchases; that the defendant conducts a large retail store in the city of Chicago; that when Belcher and his family entered the store, they were met by one of defendant's salesmen who proceeded to show them goods. They took an elevator to one of the upper floors to examine some linoleum which they desired to purchase. Most of the linoleum was rolled up so that it was cylindrical in form. The rolls

were 6 feet high and arranged along the sides of the passageway, apparently near or against partitions. The children were with their parents, sometimes a step or two in front and then a step or two behind them. Suddenly the 6-year-old boy, who was just behind his parents, called out to his father. The father turned around and saw the boy lying on the floor with one of the rolls of linoleum on top of him. The father lifted the roll from the child, who apparently was severely injured. He was taken to the hospital and died the next morning, and it was conceded at the trial that his death resulted from the linoleum falling on him. The evidence further shows that he was a normal, strong, healthy child and was in the first grade in school. There was also evidence offered by the plaintiff tending to show that the floor, at or near the place where the roll of linoleum stood prior to the time it fell on the child, was uneven from wear, and there was evidence offered on behalf of the defendant to the effect that the floor had not been worn, and that it was not uneven. At the close of all the evidence, the court overruled the defendant's motion for an instructed verdict. The jury were then instructed and, upon consideration, returned their verdict in favor of the defendant.

Plaintiff contends that the court erred in its instruction to the jury, and we think this contention must be sustained. The first instruction, given at the request of the defendant, told the jury that it was incumbent upon the plaintiff to show by a preponderance of the evidence that the roll of linoleum in question fell without interference of any kind on the part of the deceased child. The defendant contends that this instruction was not given on theory that no recovery could be had if the child was guilty of negligence, but, as we understand it, on the theory that if there was interference with the roll on the part of the child, this interference was the proximate cause of the injury

Belcher v. John M. Smyth Co., 243 Ill. App. 65.

and, therefore, no recovery could be had. We think the instruction was wrong and should not have been given. Whether the child touched the roll of linoleum does not appear, but we think it makes no difference because it was the duty of the defendant, who was conducting a retail store and who invited the public into its store to make purchases of his goods, to keep its premises in a reasonably safe condition, so that those who were in the premises at defendant's invitation, and who exercised ordinary care for their own safety, would not be injured. It is obvious that the defendant knew that in the sale of its linoleum there would be men, women and children passing along near the standing rolls. The defendant was also bound to know that normal children of tender years might come in contact with the linoleum rolls, and, therefore, it was its duty to see that its goods were so stored and kept that customers and their children, who were rightfully in the store, would not be unduly exposed to danger. In the instant case if the roll fell, as a result of the interference with it by the child, it would still be liable and the instruction was erroneous. The child, being under 7 years, was incapable of any negligence. *Maskaliunas v. Chicago & W. I. R. Co.*, 318 Ill. 142.

Instruction No. 4 told the jury that the plaintiff could only recover by proving the charges alleged in his declaration, and further that "the charge is that it (the linoleum) fell of itself," and that this charge could not be sustained if there was any interference with the roll by any person. This was obviously erroneous. The first count did not charge that the roll of linoleum fell without interference, but the charge was that it fell on account of plaintiff's negligence in failing to properly support or fasten it.

The next instruction told the jury that, in order for the plaintiff to recover, it was necessary that he prove by a preponderance of the evidence five separate

propositions, which are set out. This instruction counsel say in their brief was based on the theory that there was no evidence in the record to prove any count of the declaration, except that which charged unevenness of the floor. We think this instruction was erroneous, because in our opinion, there was sufficient evidence tending to show that the defendant was guilty as charged in the first count of the declaration.

By another instruction, the jury were told that under the law it was the duty of the father and mother of the deceased child to exercise due care for the safety of the child, and unless this was shown by a preponderance of the evidence, the verdict should be for the defendant. We think this instruction was unwarranted because there was no evidence tending to show any negligence on the part of parents in the care of the child. Of course, if the father or mother were negligent, this would bar a recovery. *Hazel v. Hoopeston-Danville Motor Bus Co.*, 310 Ill. 38. But, since there was no evidence of negligence on the part of the parents, the instruction should not be given.

But the defendant further contends that it was guilty of no negligence in the manner in which it kept its linoleum in the store, because witnesses produced by it testified that the method adopted by it in this respect was similar to that employed by other merchandise establishments in the same line of business, and they further say that "it is a matter of common knowledge that linoleum is stored for sale in this way." This subject is not a matter of common knowledge of which we can take judicial notice. It may be true that testimony, to the effect that other merchants stored material of this kind in the same manner as the defendant did, was some evidence to be considered by the jury on the question of whether the defendant was negligent, but it was by no means conclusive of that issue. It may be that on a retrial of this case plaintiff would produce witnesses giving testimony to

the contrary. We think that the facts of this case demonstrate that it was dangerous to have rolls of linoleum, like that involved here, standing about on end, where the public was invited to be. If so, the jury would be justified in saying the defendant was guilty of negligence in storing them in this way.

For the reason stated, the judgment of the circuit court of Cook county is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Taylor, P. J., and Thomson, J., concur.