DENNIS F. NAVIEN *vs.* MONTGOMERY COHEN.

Middlesex.　May 14, 1929. — September 10, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence*, Of proprietor of store. *Evidence*, Presumptions and burden of proof, Matter of conjecture.

At the trial of an action, against the proprietor of a store selling radio supplies, for personal injuries received when a radio loud speaker fell upon the plaintiff from a shelf above the entrance door of the store, there was evidence that the door was set back about three feet from the sidewalk line; that the shelf was about eighteen inches wide, was above the door and projected over the passageway leading to it, on one side of which was a display window; that the loud speaker weighed about five pounds, was cone shaped, eighteen inches in diameter, twenty-one inches high and with an oval metallic base not fastened to the shelf; that, when it fell, there was a wind of a velocity of around thirty-one miles per hour; and that, when struck, the plaintiff had stopped to look at a radio instrument in the defendant's display window. *Held*, that

(1) A finding was warranted that the plaintiff was standing in front of the show window by the defendant's invitation and that the defendant owed to him the duty to keep the place reasonably safe for his use;

(2) A finding was warranted that the fall of the loud speaker was caused by the defendant's negligence;

(3) The question, whether the wind was so extraordinary as to furnish an explanation of the fall of the loud speaker other than negligence of the defendant, was for the jury;

(4) The plaintiff was not required to exclude all other possibilities as to the cause of the injury if by a preponderance of evidence he proved that it was caused by the defendant's negligence;

(5) The cause of the plaintiff's injury was not purely conjectural;

(6) The plaintiff was not required to point out the particular act or omission which caused the accident, nor to exclude all other possibilities as to the cause of the injury.

TORT for personal injuries. Writ dated July 9, 1926.

In the Superior Court, the action was tried before *Sisk*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $1,785, and the judge reported the action for determination by this court.

*R. B. Heavens*, for the defendant.

*P. J. Duane*, for the plaintiff.

FIELD, J. This is an action of tort for personal injuries alleged to have resulted from the negligence of the defendant. The case was tried by a judge of the Superior Court and a jury. At the close of the plaintiff's case the defendant rested and moved for a directed verdict in his favor. The motion was denied. He made twelve requests for instructions to the jury. Eight were denied in terms, but two of them were given in substance. The remaining six of the eight were as follows: "1. Upon all the evidence a verdict should be returned in favor of the defendant." "3. Unless the plaintiff produces evidence of some specific act or omission on the part of the defendant which the jury may find to be negligence, a verdict must be returned in favor of the defendant." "7. If the plaintiff fails to show some negligent act excluding all other possibilities which caused the fall of the loud speaker, then a verdict should be returned for the defendant." "9. Unless the plaintiff shows that the cause of the blow on his head was caused by the fall of the defendant's loud speaker, excluding all other possibilities, then the jury should return a verdict for the defendant. 10. If the jury find that the principal efficient cause of the fall of the loud speaker was a high wind, then it should return a verdict for the defendant.

11. If the jury find that the defendant's loud speaker would not have fallen except by the agency of the wind, then it should return a verdict for the defendant." The defendant excepted to the denial of his motion for a directed verdict, and to the refusal of the judge to give the instructions requested. The jury returned a verdict for the plaintiff and the judge reserved leave to direct a verdict for the defendant. The defendant made a motion for the entry of a verdict in his favor under such leave, which was denied. The judge reported the case for determination by this court as to whether a verdict should have been directed in favor of the defendant, and whether his requests for instructions should have been given.

There was evidence tending to show that the defendant at the time in question was operating a store for the sale of radio supplies in a building which he occupied as a lessee, that the entrance door to the store was set back about three feet from the sidewalk line and at one side of it was a show window, and that above the door and projecting over the passageway leading to it from the sidewalk was a wooden shelf about eighteen inches wide upon which there was a radio loud speaker of the cone variety, which "was about eighteen inches in diameter at the cone, twenty-one inches high, weighed about five pounds, fitted with a metallic base oval in shape . . . ." The size of this oval base as stated by the defendant was "about four or five inches long and about three inches in width," and as stated by the plaintiff was "about nine inches by five inches." The defendant in answer to an interrogatory stated that on January 28, 1926, between six and seven o'clock P.M., the loud speaker fell from the shelf.

The plaintiff testified that in the evening of January 28, 1926, while passing the defendant's store he stopped to look at a radio instrument in the window, that he had no sooner stopped than he received a terrible blow on the head, and that "this loud speaker that fell from the shelf struck me here on the head." He did not see the loud speaker until after he received the blow on the head. He did not see it fall. In the words of the report he testified that he "didn't see it until just as it was going to the ground, perhaps six inches or a foot

from the ground.   The first thing that he noticed after stopping at the window was the blow on the head, and the next thing he noticed was the loud speaker not more than a foot from the ground, maybe touching the ground, about two feet or a foot and a half from him . . . ."   He testified further that he did not see on the loud speaker any rope, cord, screws or nails, but that he did see hanging from the shelf a piece of insulated wire with a plug on the end of it, which is the ordinary means of attaching a loud speaker.   He testified, according to the report, that there "was a high wind blowing on that day, which he characterized as 'quite a high wind' such as we get during the winter, coming in gusts which the witness likens to a blow which had come the night before the trial."   It was agreed that the record of the weather bureau of the weather on January 28, 1926 was as follows: ". . . the hourly velocity of the wind ranged from five to fourteen miles per hour until 9 A.M., then increased, and the hourly velocity the remainder of the day was from twenty-six to thirty-one miles an hour, and . . . the maximum rates from five to six P.M. were thirty-one miles an hour, from six to seven P.M. thirty-two miles an hour, and from seven to eight P.M. thirty-five miles per hour."

There was no error in refusing to direct a verdict for the defendant, or in refusing his first request for instructions.

That the jury were warranted in finding that the plaintiff was standing in front of the show window by the defendant's invitation and that the defendant owed to him the duty to keep the place reasonably safe for his use, is not controverted by the defendant.

Clearly the jury were warranted in finding that the loud speaker, falling from the shelf above the door, struck the plaintiff on the head.   This was a reasonable inference from the defendant's statement as to the fall of the loud speaker from the shelf, and from the testimony of the plaintiff that after he felt the blow on his head he saw the loud speaker "just as it was going to the ground" at or near the ground a foot and a half or two feet from him, in the absence of any evidence whatever that the blow was caused in any other way. See *Green* v. *Carigianis*, 217 Mass. 1.

⟩ The evidence warranted also the finding that the fall of the loud speaker was caused by the defendant's negligence. The form, size and location of the instrument, and the fact of its fall, coupled with the indications that it was not fastened to the shelf or to the building (though there was the ordinary means of an electrical connection), in the absence of any other explanation of its fall, justified the inference that it fell in consequence of the failure of the defendant to fasten it properly. No evidence tending to explain otherwise the fall of the loud speaker was offered, unless the testimony as to a high wind is to be regarded as furnishing such an explanation. However, it cannot be said as matter of law that this testimony is to be so regarded, for the jury could have found that the wind was not so extraordinary but that it should have been "anticipated and provided against." *Gray* v. *Harris,* 107 Mass. 492, 494. *Cork* v. *Blossom,* 162 Mass. 330. *Hecht* v. *Boston Wharf Co.* 220 Mass. 397, 402–403. *Feeney* v. *New York Waist House,* 105 Conn. 647.

The evidence as to the cause of the blow on the plaintiff's head, and as to the cause of the fall of the loud speaker, as was said of the evidence in *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54–55, "presents a situation where an explanation" — as defined in the same case, 258 Mass. 446, 450 — "is due, if something other than negligence is the cause of the happening . . . ." ⟩ See *Melvin* v. *Pennsylvania Steel Co.* 180 Mass. 196, 202. The plaintiff was not required to exclude all other possibilities as to the cause of the injury if by a preponderance of evidence he proved that it was caused by the defendant's negligence. *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138, 141. *Green* v. *Carigianis, supra.* We cannot say that the plaintiff has not made this proof. The case falls within the decisions of *Lowner* v. *New York, New Haven & Hartford Railroad,* 175 Mass. 166, *Melvin* v. *Pennsylvania Steel Co.* 180 Mass. 196, *Woodall* v. *Boston Elevated Railway,* 192 Mass. 308, *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138, and *Heuser* v. *Tileston & Hollingsworth Co.* 230 Mass. 299. The evidence that the loud speaker was not fastened to the shelf or building distinguishes the case from *Kendall* v. *Boston,* 118 Mass. 234,

where there was no evidence that the bust of Franklin which fell and injured the plaintiff was not properly secured.   See also *Davis* v. *Crisham,* 213 Mass. 151.   The cause of the plaintiff's injury was not purely conjectural, as was true in the case of *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6.

The defendant's third, seventh and ninth requests for instructions were refused rightly.   The plaintiff "was not required to point out the particular act or omission which caused the accident," (*Mooney* v. *Connecticut River Lumber Co.* 154 Mass. 407, 409), nor, as already stated, to exclude all other possibilities as to the cause of the injury.   The tenth and eleventh requests were refused rightly as the instructions sought thereby did not state accurately the law in regard to a high wind.

As there was no error in the rulings reported, there must be

*Judgment on the verdict.*