CHARLES DUNBAR *vs.* FERRERA BROS. INC.

Suffolk.   November 15, 1939. — May 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Negligence,* Store.  *Law of the Trial.  Evidence,* Presumptions and bur-
den of proof.  *Practice, Civil,* Exceptions: whether error harmful,
what questions open; Charge to jury.  *Proximate Cause.*

Evidence warranted a finding of negligence of the manager of a grocery
store either in improperly hanging up a "reaching stick" on a shelf
or in coming in contact with it after he had hung it up, so that it fell
immediately thereafter and struck a child standing near it.
After a trial of a case on the theory that the plaintiff was an invitee on
the defendant's premises, an instruction, not excepted to by the
defendant, that no question was raised but that the plaintiff was
an invitee, became the law of the trial and that issue was not open
to the defendant in this court.
In an action for personal injuries sustained by a child in the defendant's
store, a refusal to strike out testimony that the defendant's manager
had stated to the witness that he was "very sorry" the accident had
happened was not prejudicial to the defendant.
A plaintiff in an action for personal injuries was bound to prove by a
preponderance of the evidence that the injuries were caused by the
defendant's negligence, but he was not bound to exclude other causes
by a preponderance of the evidence.
No error was shown in an action for personal injuries by a fragment
of an extended charge on the issue of proximate cause, that the plain-
tiff could recover "for all those injuries which follow in sequence,"
which by its context referred to certain ailments shown by the evi-
dence.

TORT.   Writ in the Superior Court dated September 9,
1935.

At the trial before *Swift,* J., there was a verdict for the
plaintiff in the sum of $1,500, of which the plaintiff remitted
$500.   The defendant alleged exceptions.

*J. L. Yesley,* for the defendant.

*J. B. Abrams,* (*S. H. Litner* with him,) for the plaintiff.

DONAHUE, J.   The plaintiff, a minor, two years of age,
accompanied his mother to a grocery store conducted by
the defendant in the neighborhood where the plaintiff lived.

The mother went to the store to make a purchase. While in the store the plaintiff was injured when a stick, which was hanging on a shelf, fell and struck him on the head. The stick, which was referred to at the trial as a "reacher" or "reaching stick," was used by employees of the defendant in taking packages and other merchandise from the upper shelves in the store. There was a verdict for the plaintiff and various exceptions taken by the defendant at the trial are here considered.

1. The defendant took an exception to the denial of its motion for a directed verdict in its favor. The main contention of the defendant under this exception is that the evidence did not warrant a finding that the plaintiff's injury was due to the negligence of an employee of the defendant.

There was evidence warranting the finding of the following facts: The mother, holding the plaintiff by the hand, entered the store door and saw the defendant's manager standing near the wall at the left. On that side of the store there were shelves on which merchandise was displayed, but no counter. On the opposite side of the store there was a counter with shelves behind it. The mother and the plaintiff went to the left wall of the store where the manager stood and the mother asked for a package of crackers for the plaintiff. Thereupon the manager, who had a "reaching stick" in his hand, hung it upon a shelf on the left wall of the store and started to go to the other side of the store where crackers were kept. The plaintiff and his mother remained near the shelves at the left wall. The manager passed very close to the hanging stick and had gone a distance which could be found to be less than eight feet when the stick fell and injured the plaintiff's nose. Neither the plaintiff nor the mother touched the stick as it hung on the shelf. No other person except the manager was near the stick in the short interval of time between its being hung on the wall and its fall.

This is not, as the defendant contends, a case where the only evidence as to the source of the plaintiff's injury is the mere fact that an object fell, or where the cause of such fall

is purely conjectural. Compare *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6, 10; *Mahoney* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 459, 460. The evidence warranted the finding that no act or omission of any person other than the manager had any causal connection with the fall of the stick. A metal projection at one end of the stick was adapted to fit into a groove in the shelf provided for the purpose of holding the stick, and there was evidence warranting the inference that, if the projecting parts of the stick were properly put in the groove, the stick would not fall unless some degree of force was applied to it. There was also evidence to support findings that the manager, after hanging the stick on the shelf, passed "very close" to it in proceeding to go across to the counter, and that he had gone a distance of less than eight feet when the stick fell. A conclusion was warranted that the fall of the stick was due to negligence of the manager, either in leaving it insecurely in the groove of the shelf, or in coming in contact with it in passing. The plaintiff was not obliged to show the particular act of negligence that caused the stick to fall. *Adams* v. *Dunton*, 284 Mass. 63, 66, and cases cited. *Gregory* v. *American Thread Co.* 187 Mass. 239, 242. Furthermore, the jury might have drawn the inference that an accident of this nature does not happen according to common experience without negligence of a person in control of an object that fell and caused the plaintiff's injury. *Cushing* v. *Jolles*, 292 Mass. 72, 74. *Navien* v. *Cohen*, 268 Mass. 427, 431. *O'Neil* v. *Toomey*, 218 Mass. 242, 244.

The defendant further contends that its motion for a directed verdict in its favor should have been granted for the reason, as the defendant now asserts, that, though the mother was an invitee, the evidence did not warrant a finding that the plaintiff was an invitee. It relies on certain language appearing in *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, 192, and *Howlett* v. *Dorchester Trust Co.* 256 Mass. 544, 546. It is unnecessary here to consider this contention. The case was apparently tried on the theory that the plaintiff was an invitee. No request by the defendant for a ruling to the contrary is before us. The judge

instructed the jury that no question was raised but that the plaintiff was an invitee. The defendant took no exception to this instruction and it therefore became the law of the trial on the issue whether the plaintiff was an invitee. *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239, 241. *Morel* v. *New York, New Haven & Hartford Railroad,* 238 Mass. 392, 394. *Lustenberger* v. *Boston Casualty Co.* 300 Mass. 130, 133.

The plaintiff's mother on direct examination, in answering a general request of the plaintiff's counsel to describe what happened, testified that as the manager turned from the wall to go and wait upon her the stick "swerved and fell down at an angle," and later, testifying in more detail, said that the stick fell after the manager, who was proceeding to go to the other side of the store, had passed the stick and had gone a distance that could be found to be less than eight feet. The testimony of the witness did not, as the defendant now contends, leave the cause of the accident to conjecture. If it could be said that there was any real conflict in the testimony of the witness, she was not asked to choose between two allegedly conflicting statements. *Goodwin* v. *Walton,* 298 Mass. 451, 453. *Sluskonis* v. *Boston & Maine Railroad,* 299 Mass. 413, 415. *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405, 406.

2. The mother, in concluding her answer to the request of the plaintiff's counsel to describe what happened, stated that shortly after the accident the manager said to her that he "was very sorry it had happened." The defendant excepted to the denial of its motion to strike out this statement. Assuming that this testimony was inadmissible we think it was not prejudicial to the defendant. It was far from being an admission of responsibility or of liability. *Kindell* v. *Ayles,* 263 Mass. 244, 248. Compare *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6, 10. It amounted to no more than a natural expression of sympathy for an injured child. *Conti* v. *Brockton Ice & Coal Co.* 295 Mass. 15, 17. The manager, who was later called as a witness by the defendant, testified without objection on cross-examination that he was "'in some way, naturally,' concerned over

the matter." The testimony that he was sorry the accident had happened carries no greater implications.

3. The defendant has here argued its exceptions to the denial by the judge of two of its requests for rulings which relate to the burden of proof on the issue of negligence of the defendant. One of the requests was, in substance, that if causes other than the defendant's negligence "might have produced the injury" the plaintiff was bound to exclude the operation of such causes by a fair preponderance of the evidence. There was no error in the denial of the request. "The plaintiff was not required to exclude all other possibilities as to the cause of the injury if by a preponderance of evidence he proved that it was caused by the defendant's negligence." *Navien* v. *Cohen*, 268 Mass. 427, 431. The other request was to the effect that if on the evidence it was as reasonable to suppose that the cause of the injury was one that put no liability on the defendant, as that the cause was one for which the defendant would be liable, the plaintiff could not recover. This was not given in terms but the judge instructed the jury fully and accurately on the matter of the burden of proof on the issue of the defendant's liability for negligence. At the close of the charge the defendant asked no amplification of the instructions of the judge on this issue. There was no error in the denial of the request. *Squires* v. *Fraska*, 301 Mass. 474, 477–478.

4. It was an issue at the trial whether "nose bleeds" and, later, nasal diphtheria, from which the plaintiff suffered after the accident at the defendant's store, were the result of the injury there sustained by the plaintiff. The defendant took exception to a few words in the extended charge of the judge on that issue without specifying in what respect it contended that the charge was erroneous. It excepted to a statement of the judge to the effect that if the plaintiff was entitled to recover he "is entitled to recover for all those injuries which follow in sequence." It is clear from the context in which these words appear that the judge was referring to the "nose bleeds" and the nasal diphtheria. It cannot be said that the phrase "in sequence" was improper in a statement as to the application of the doctrine of proxi-

mate cause. See *Wallace* v. *Ludwig*, 292 Mass. 251, 254. This exception of the defendant cannot be sustained.

*Exceptions overruled.*