PATRICIA MURPHY, AN INFANT BY HER GUARDIAN *AD LITEM*, JERRY P. MURPHY, PLAINTIFF-RESPONDENT, v. LLOYD J. KELLY, TRADING AS INDEPENDENT MEMORIAL COMPANY, DEFENDANT-APPELLANT.

Argued May 24, 1954—Decided June 14, 1954.

*Mr. Lester C. Leonard* argued the cause for appellant.

*Mr. Harry A. Walsh* argued the cause for respondent (*Mr. Thorn Lord,* attorney).

The opinion of the court was delivered by

WACHENFELD, J.  We granted certification to the Appellate Division to review its reversal of an order entered, following the pretrial conference, for summary judgment in favor of the defendant.  The sole issue presented is whether or not the infant plaintiff was an invitee in the light of the pleadings, the interrogatories and answers thereto, and the facts alleged in the pretrial memorandum submitted in accordance with *R. R.* 4:29–3.  The Law Division held the defendant's invitation did not extend to the infant, and, as there was no question as to any material fact, the inquiry posed became one of law, which was decided adversely to the plaintiff.

The issue of invitation was initially projected in the complaint, where it was alleged that Patricia Murphy, age six, "was lawfully upon the premises of the defendant as an invitee in company with her father," who likewise is referred to as an invitee.  Damages were sought for personal injuries to Patricia as a result of the defendant's negligence.  The defendant entered a general denial and asserted the affirmative defenses of contributory negligence and assumption of risk.

The facts alleged are that on July 8, 1951 Jerry P. Murphy, father and guardian *ad litem* of the infant plaintiff, went to the defendant's place of business at 1100 South Olden Avenue in Hamilton Township.  His daughter and her maternal grandmother accompanied him.  The purpose of the visit was to make a final payment on a monument purchased for the grave of the infant's mother, who had recently died.

They entered the defendant's premises by way of the sidewalk leading to the office and were met by the defendant outside of the office doorway, where they transacted their business.

The infant was standing on the sidewalk a few feet away when they heard a scream. Turning, they saw her approximately in the middle of the sidewalk some five feet away. Between them and lying across the sidewalk a stone monument in the shape of a cross had fallen from its base immediately adjacent to the sidewalk and Patricia suffered injuries to her left foot, which was badly injured, finally resulting in amputation of the large toe.

On the basis of these facts, the Appellate Division, 28 *N. J. Super.* 266, reversed the trial court and concluded the infant plaintiff was not, as a matter of law, a licensee but was rather an invitee, relying upon *Walec v. Jersey State Electric Co.*, 125 *N. J. L.* 90 (*Sup. Ct.* 1940). It arrayed and assayed many cases in other jurisdictions, *including *Dunbar v. Ferrera Bros.*, 306 *Mass.* 90, 27 *N. E.* 2d 675 (*Sup. Jud. Ct.* 1940) ; *Belcher v. John M. Smyth Co.*, 243 *Ill. App.* 65 (*App. Ct.* 1926) ; *Kremer v. Vim Co.*, 306 *Ill. App.* 476, 28 *N. E.* 2d 811 (*App. Ct.* 1940) ; *Custer v. Atlantic & Pacific Tea Co.*, 43 *A.* 2d 716 (*Mun. Ct. App., D. C.* 1945) ; *Weinberg v. Hartman*, 6 *Terry* 9, 65 *A.* 2d 805 (*Del. Super. Ct.* 1949), and graphically illustrated their applicability to the issues presented here. It likewise found apropos the doctrine enunciated in the *Restatement of Torts*, § 332(*d*), and 65 *C. J. S., Negligence*, § 43(4)(*f*), of which more hereafter.

The appellant does not cite or discuss any of the authorities marshalled in the comprehensive opinion of the Appellate Division, but rather naively suggests that our judicial ingenuity will find a way leading to what he considers the "right" result, which, of course, is opposite to the one determined by the Appellate Division. The principal thought interposed is that the conclusion arrived at conflicts with the principle enunciated in *Fleckenstein v. Great Atlantic & Pacific Tea Co.*, 91 *N. J. L.* 145 (*E. & A.* 1917).

There the plaintiff, 12 years of age, accompanied a 15 year old friend into the defendant's store. The friend intended to purchase and did so, but Fleckenstein, who had

no such thought, merely accompanied his companion. While the friend was transacting his business, the infant plaintiff was injured by a fragment of metal flying from a box off of which one of the defendant's employees was attempting to pry the lid. A nonsuit was granted and on appeal the court held the infant plaintiff was a mere licensee, saying: "Merchants invite the public to enter their stores to buy wares. It cannot be said that they invite the entrance of those who accompany them, but who have no intention of purchasing."

While the soundness of the reasoning underlying this decision might well be explored in the light of the philosophy of modern merchandising endeavors, where every visitor becomes a potential customer and every effort is made to induce passers-by to enter and "look around," so that when the anticipated and hoped for urge to purchase materializes, the shopper will be redirected to the same attractive premises by his recollection thereof, there is no occasion to reappraise the principle employed as factually the case is not analogous.

In the situation before us, Patricia was in the custody of her grandmother and father, "both of whom were required to go with her to the premises of the defendant for the purpose of transacting this business of the family," as contended in the pretrial memorandum.

Thus the case falls squarely within the purview of the authorities already cited and is strikingly similar in circumstances to *Walec v. Jersey State Electric Co., supra,* where the infant was injured by falling down an opening in the floor of the defendant's store, where she had gone in company with her mother and grandmother. The defendant's invitation there extended to the infant plaintiff and the ruling was in accord with the principle set forth in *Restatement of Torts,* § 332(d), concerning visits incidental to business relationships of a possessor and third persons. A business visitor is defined as "a person who is invited or permitted to enter or remain on land in the pos-

session of another for a purpose directly or indirectly connected with business dealings between them."

It is not necessary that the visitor himself should be upon the land for the purpose of the defendant's business, as the visit may be for the convenience or arise out of the necessities of others who are themselves upon the land for such a purpose. Thus:

"* * * a child taken by a mother or nurse to a shop is a business visitor, and this is so irrespective of whether it is necessary for the customer to take the child with her in order to visit the shop." *Restatement of Torts*, § 332(*d*).

This view has been widely accepted and frequently adopted by the courts of Massachusetts, Illinois, District of Columbia, Delaware and other jurisdictions. It is a logical and equitable rule in this complex, rapidly moving, modern existence of ours and fulfills the purpose of our legal system "to serve justly the needs of present day society," *Arrow Builders Supply Corp. v. Hudson Terrace Apts., (Bergen Bldg. Block, Inc., v. Hudson Terrace Apts.)*, 1954, 15 *N. J.* 418. We consider it the enlightened attitude toward the present problem.

We are in accord with the Appellate Division that the matter should have survived the motion for summary judgment, there being issues of fact raised by the pleadings and other papers.

The judgment below is affirmed.

OLIPHANT, J., concurring in result.

*For affirmance*—Chief Justice VANDERBILT and Justices HEHER, OLIPHANT, WACHENFELD, BURLING and BRENNAN—6.

*For reversal*—None.