SEARS, ROEBUCK AND COMPANY, a corporation, Appellant,

v.

Doris Marie DONOVAN, Appellee.

No. 2075.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 14, 1957.

Decided Jan. 14, 1958.

John Geyer Tausig, Washington, D. C., with whom H. Max Ammerman, Washington, D. C., was on the brief, for appellant.

Nelson Deckelbaum, Washington, D. C., with whom Milford F. Schwartz, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

A jury awarded appellee damages for injuries sustained by her while she was in appellant's store. The main contention on this appeal concerns appellee's status at the time of her injury and the consequent duty owed her by appellant. Appellant contends that appellee was a mere licensee to whom it was not liable in damages unless the injuries were the result of its active negligence. Appellee says she was an invitee to whom appellant owed the duty of furnishing her with reasonably safe premises.[1]

Appellee, an adult, testified that she, her mother and her eight-year-old niece went to appellant's store to purchase a rake; that her mother was the only person in the group who intended to make a purchase; that she (appellee) went to the store merely to accompany her mother and did not assist her in selecting the rake, but stood in the aisle while her mother made the purchase; and it was while standing in the aisle that she was injured. The mother testified that her daughter (appellee) lived with her and they went to the store to purchase a rake needed for household purposes.

On the foregoing testimony appellant argues as a matter of law that appellee was no more than a licensee. It is appellant's position that one who enters a store merely for the purpose of accompanying another and with no intention to make a purchase

---

1. See Arthur v. Standard Engineering Co., 89 U.S.App.D.C. 399, 193 F.2d 903, 32 A.L.R.2d 408, certiorari denied 343 U.S. 964, 72 S.Ct. 1057, 96 L.Ed. 1361.

does not have the status of an invitee. For this proposition heavy reliance is placed on Fleckenstein v. Great Atlantic & Pacific Tea Co., 91 N.J.L. 145, 102 A. 700, L.R.A. 1918C, 179, where it was said:

"Merchants invite the public to enter their stores to buy wares. It cannot be said that they invite the entrance of those who accompany them, but who have no intention of purchasing; such persons are mere licensees."

Although the soundness of that decision has been questioned in a recent New Jersey case,[2] appellant urges that we should follow it because this jurisdiction "follows the mutual benefit theory with regard to invitees."[3] Appellant concedes there are exceptions to the rule it asserts. One exception is the case of a child accompanying its mother into a store.[4] Another exception is the case of one accompanying another into a store to assist the other in a purchase.[5]

■ Under this second exception we think the jury could have found that appellee was an invitee. Although there was no testimony as to any specific assistance she rendered her mother in making the purchase, both she and her mother testified they went to the store to buy the rake. The jury could reasonably infer that although the mother made the actual purchase, the daughter's presence assisted in making it. Aside from this, however, we think appellee's status as an invitee may be soundly based on other considerations.

■ We understood appellant to concede at oral argument that if appellee, after entering the store, had been attracted to some article on display and had examined it with a possible view to buying it then or later, she would at that instant have become an invitee. In our opinion, she was an invitee from the time she entered the store because she was a potential customer. We take judicial notice that appellant does not confine its sales to rakes and we think it beyond argument that modern merchandising recognizes the advantage to a storekeeper in having a potential customer enter the store. Therefore, we hold that even under the mutual advantage theory appellee was an invitee.

■■ We have considered the question of appellee's status as one controlled by District of Columbia law because both parties have so treated it here. But, although the statement of proceedings and evidence does not disclose the location of the store, the complaint alleged, and the answer admitted, that the particular store in which the accident occurred is located in Maryland. This being so, the substantive rights and duties of the parties are controlled by the law of Maryland, and the highest court of that state has recently adopted the implied invitation test in preference to the mutual advantage test.[6] In making this choice the court pointed out that a disadvantage of the mutual benefit test is that in many instances, as in the case before us, liability is made to depend upon the undisclosed intention of the visitor. Under the Maryland authority it seems clear that appellee's status was that of an invitee.

■ Appellant further argues that even if appellee were an invitee there was no proof that appellant created or had notice of the unsafe condition. The alleged un-

2. Murphy v. Kelly, 15 N.J. 608, 105 A.2d 841, 44 A.L.R.2d 1316.

3. Firfer v. United States, 93 U.S.App.D.C. 216, 218, 208 F.2d 524, 527.

4. See Custer v. Atlantic & Pacific Tea Co., D.C.Mun.App., 43 A.2d 716, cited with approval in Murphy v. Kelly, 15 N.J. 608, 105 A.2d 841, 44 A.L.R.2d 1316.

5. See Lewin v. Ohrbach's, Inc., 14 N.J. Super. 193, 82 A.2d 4; Kennedy v. Phillips, 319 Mo. 573, 5 S.W.2d 33.

6. Crown Cork & Seal Co., Inc., v. Kane, 213 Md. 152, 131 A.2d 470.

safe condition was a row of six rakes resting in the aisle with their handles leaning against a rack. While there was no testimony that the row of rakes was placed by a store employee, we think the jury could have reasonably inferred that such was the fact.[7] Moreover, there was testimony that employees were passing back and forth in front of the rakes and the jury could have found that such employees had or should have had knowledge of the condition.

■ Next appellant argues that assuming the rakes as placed constituted a hazardous condition, appellant's negligence was not the proximate cause of appellee's injury. Appellee was injured while standing in the aisle near the rakes. A small boy running down the aisle stepped on the teeth of one of the rakes, causing the handle to come across the aisle and strike appellee above her eye. If the jury found, as it could have, that the rakes constituted a hazardous condition and that appellant should have anticipated that the act of a third party might cause such an injury, then the act of the third party, even if negligence, did not supersede that of appellant as an effective factor in causing the injury.[8]

■ Finally, appellant urges that if the rakes constituted a hazardous condition then such condition was obvious to appellee and she was contributorily negligent in remaining near the rakes. The questions of appellant's negligence and appellee's contributory negligence were both, under the circumstances of this case, questions of fact and not of law.

Affirmed.

**7.** Lehman v. Great Atlantic & Pacific Tea Company, D.C.Mun.App., 136 A.2d 397.

**8.** Bannon v. Peerless Weighing & Vending Mach. Corporation, 318 Mass. 607, 63 N.E.2d 335; Restatement, Torts, § 447.