*Western District*

**ARMAND CORPACI, d-b-a SPRINGFIELD ARTIFICIAL FLOWER & NOVELTY CO.**

v.

**ADOLPH D. RAYMOND**
and
**DOROTHY M. RAYMOND**

*Present:* Riley, P. J., Hobson, J., & Alberti.

Case tried to ——————, *J.* in the District Court of Northampton.

*Alberti, J.* This is an action of tort in which the plaintiff seeks to recover for damage to his personal property on the basis that the defendants negligently permitted certain sprinkler system pipes attached to the ceiling of a common passageway, which the plaintiffs and other tenants had a right to use, to remain unprotected from the cold, so that the pipes froze and burst, resulting in water flowing onto the floor of the passageway and into the basement of the leased building, and damaging the plaintiff's property.

The plaintiff began his tenancy sometime in the year 1953. The leased premises adjoined a hallway at the rear of the building,

the exit from which led into an alley between the defendants' building and a building owned by another person. No method of heating the passageway was provided. There was a door leading off the hallway kept open for the purpose of allowing heat into it. Some would come up the elevator shaft from the boiler in the basement.

Sometime during the period of tenancy, alterations on the first floor were made by the defendants in the area in front of the elevator located off the hallway. The alterations consisted of making the area in front of the elevator larger by moving a partition. Prior to the making of the alterations, only the plaintiff and another tenant on the same floor used the hallway and the exit into the alley. Thereafter, almost all tenants used it. The evidence indicated that there were drafts coming through the hallway, which were felt by the plaintiff at various times during the day. There was evidence that at 3:30 P.M. on the afternoon of January 30, 1955, the outside temperature at a point one-half mile away from the leased premises was 23 degrees Fahrenheit, and that the pipes froze and broke between that hour and the early morning of the 31st.

The trial court found

". . . that the defendants were negligent and careless in the maintenance and control of said sprinkler system and that they allowed the hallway and the exit therefrom to be left unheated and unprotected from the cold and inclement weather

conditions prevailing in this locality on the date in question, and as a result of the defendants' failure to provide against the normal forces of nature, which should reasonably be anticipated, a portion of the pipe of the sprinkler system, approximately fourteen feet away from the outside door, at a 'T' connection, become frozen and burst permitting water therefrom to flow onto the floor and seep into the basement of the building where the merchandise of the plaintiff was stored, causing the damage of which he now complains.", and ". . . that the plaintiff was free from any contributory negligence."

The defendants filed the following requests for rulings:

1. Upon all the evidence the plaintiff is not entitled to recover from the defendant.

2. The duty of a landlord in respect to a common passageway controlled by him, is that of due care to keep it in such condition as it was in or purported to be in at the time of letting.

3. The plaintiff has the burden of proving that if there was any freezing in the pipes that this condition had existed for a sufficient time before the plaintiff's goods were damaged, so that the defendants in the exercise of reasonable care and diligence could have discovered it and remedied it.

4. If it is a matter of conjecture and speculation whether the pipes froze or whether the pipes broke from some unexplained cause, of which the defendants had no knowledge or means of knowing, then the plaintiff cannot recover.

5. There is no evidence to indicate that the

defendants were under any obligation to keep the sprinkler system in repair.

6. The plaintiff, to recover, has the burden of proving that when the tenancy began, the condition that caused the damage did not appear to exist, and without evidence of the condition or appearance of the sprinkler system at that time, there is nothing upon which to base a possible breach of the defendants' duty.

7. The Court is warranted in finding that there was no evidence of any negligence on the part of the defendants which contributed to the damage of the plaintiff.

8. There is no evidence that the defendants had made any alterations or changes in the common passageway since the beginning of the plaintiff's tenancy which could in any way have affected the plaintiff's tenancy.

9. Even if alterations were made since the beginning of the plaintiff's tenancy, there is no evidence that these alterations in any way caused the damage to the plaintiff's merchandise.

10. There is no evidence that there was any duty or obligation on the defendants, by reason of the plaintiff's tenancy, to make any repairs or alterations in the common passageway.

11. The court is warranted in finding that there is no evidence of the condition of the common passageway for the period between the closing of the plaintiff's store on Saturday evening and the bursting of the pipe early Sunday morning.

12. The plaintiff took the tenancy under the

terms existing between the defendants and LaCroix.

The trial court denied Requests Nos. 1, 8, 9 and 12. It granted Requests Nos. 2, 3, 4, 5, 6, 7, 10 and 11, but qualified their allowance by stating either that they were not applicable to the facts found, were requests for findings of fact, were applicable only to a fragment of the evidence, became immaterial in view of its findings, that in fact the defendants were required in the exercise of reasonable care to keep it (the building) in such a condition that the property of the plaintiff would not be injured or damaged, and other qualifications.

The Court allowed plaintiff's request for ruling, in terms:

> "The evidence warranted a finding that defendant Adolph D. Raymond was negligent toward the plaintiff in not keeping the back hallway in his building above the freezing point, and that there was damage to plaintiff's goods resulting therefrom."

The defendants claim to be aggrieved by the disposition of their requests for rulings, as well as the allowance of the plaintiff's request.

The plaintiff contends that the rule of law applicable in the instant case is that propounded in *Yorra v. Lynch*, 226 Mass. 153, (see also *Green v. Garigianis*, 217 Mass. 1), which requires the owner of a building in possession or control of a part of it to exercise reasonable care to keep the part under his control in such condition that others will not

be injured in their persons and damaged in their property, and that such duty extends not only to a tenant (the tenant's son in *Yorra v. Lynch,* supra), but also to others in similar circumstances, including adjoining land owners and members of the general public. *Grasselli Dyestuff Corp. v. John Campbell & Co.,* 259 Mass. 103, 108. *Cunningham v. Cambridge Savings Bank,* 138 Mass. 480. Although the defendant had a legal right to own and control a building equipped with a sprinkler system he had a corresponding duty to so maintain it that the *public* might suffer no harm. He was not an insurer against all hazards, but he was required to provide against the operation of the normal forces of nature which might be anticipated in the particular locality where the building was situated. *Cork v. Blossom,* 162 Mass. 330, 332. He cannot avoid responsibility by showing that intervening events or agencies contributed to the accident. He is liable if the damage might reasonably have been anticipated on the basis of common experience or the usual course of events. *Derry v. Flitner,* 118 Mass. 131." *Brindis v. Haverhill Morris Plan Co.,* 266 Mass. 303; *Moss v. Grove Hall Savings Bank,* 290 Mass. 520; *Gilroy v. Badger,* 301 Mass. 494; *Chalfen v. Kraft,* 324 Mass. 4.

The defendants argue, on the other hand, that the rule to be applied is that applicable to common passageways, to the effect that the landlord has the burden of keeping such passageway in the same condition as to its

safety as it was, or appeared to be, at the time of the letting, and is liable for injury or damage resulting from negligent deviation from such condition. *Rogers v. Dudley Realty Corporation,* 301 Mass. 104; *Snecker v. Feingold,* 314 Mass. 613; *Brown v. A. W. Perry Co.,* 325 Mass. 479; *Cox v. Rothenberg,* 331 Mass. 391.

And they further argue that in the event that there is no evidence of any negligence in the maintenance of such passageways or any fixtures located therein, that there can be no recovery.

The plaintiff further argues that assuming that the applicable rule is not the one propounded in *Yorra v. Lynch,* supra, but rather the rule set forth above having to do with passageways, then the defendant is still liable for negligent maintenance, since subsequent to the letting of the premises, there had been such alterations in the construction of the first floor of the building where the passageway was located that such alterations affected the passageway in question, in that the temperature of the passageway was lowered considerably by virtue of increased traffic through it to the outdoors.

It seems clear that the court found for the plaintiff on the theory which requires the owner of a building in possession or control to exercise reasonable care to keep that part under his control in such condition that others would not be injured or damaged, (*Yorra v. Lynch,* supra), and not on the

theory of failure to keep the premises in the same condition as it was or appeared to be at the time of the letting. (See cases hereinbefore cited).

In this case, the applicable principle of law is that propounded in *Yorra v. Lynch,* supra, and not the one applicable to common passageways, and that the trial court correctly decided the case on the former principle.

The plaintiff and other tenants, it is true, used a common passageway on the ceiling of which the sprinkler pipes were attached. They were placed there, it can be fairly assumed, for the convenience of the landlord. They formed no integral part of the passageway; they were incidental thereto, and were not necessary to its use by the tenants to any greater extent than if the water pipes had been placed in the areas immediately above the ceiling of the passageway, or below its floor. Shakespeare's "It is no act of common passage, but a strain of rareness", Cymbeline, Act III, Sc. 4, Line 94, though not applicable as to context, seems apt language.

The plaintiff suffered damage to his property not as a result of his then use of the common passageway, but rather as a result of failure reasonably to care for a fixture located therein. *We find no prejudicial error.*