AMERICAN COUNCIL, NO. 107, O. U. A. M., v. NATIONAL COUNCIL, O. U. A. M., OF THE UNITED STATES OF AMERICA.

Submitted December 5, 1898—Decided February 27, 1899.

A by-law of the benevolent department of a fraternal society provided that if a member should fail to have its assessments in the hands of the secretary within thirty days from the date of call it should forfeit its right to receive benefits until all arrearages were paid, and that if thirty days should elapse before all arrearages were paid the member should be suspended from the department. *Held*, that a failure to pay assessments within thirty days after they became due did not of itself operate to suspend the defaulting member, but that affirmative action on the part of the society was required to produce that result. *Held*, *further*, that the right of an unsuspended member to receive benefits which accrued while it was in arrears in the payment of an assessment was not permanently forfeited by its remaining in default for thirty days, but was restored upon the payment by such member of all arrearages of assessment and the acceptance thereof by the society.

On demurrer to replication.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, GARRISON and GUMMERE.

For the plaintiff, *Chauncy H. Beasley.*

For the demurrant, *Thomas E. French.*

The opinion of the court was delivered by

GUMMERE, J.   This action is brought to recover a death benefit claimed to be due from the defendant to the plaintiff on account of the death of one of its members.

The pleadings disclose the following situation:

The plaintiff, a local council of the defendant organization, is a member of the latter's funeral benefit department.

By the rules of that department, a local council which is a member thereof, in consideration of the payment by it of dues and assessments, is entitled to be paid a death benefit amounting to $300 whenever a member of such local council dies, but in order to entitle it to such benefit the local council must not be in arrears in the payment of its assessments, for one of the by-laws (No. 16) of the funeral benefit department provides that "any council failing to have its assessments in the hands of the secretary within thirty days from the date of call shall forfeit its right to receive the benefit of the department until all arrearages are paid, and should thirty days elapse before all arrearages are paid the council shall be suspended from the department, and should it desire again to become a member, shall make application and pay the same fee as though it had never belonged to the department."

One George Hitesman, a member of the plaintiff council, died at a time when it was in arrears in the payment of an assessment which had been levied against it.   No steps were taken, however, by the defendant organization looking to the suspension of the plaintiff council for its default, and the latter, after having first paid up all of its arrearages, demanded from the defendant the death benefit which it claimed had accrued and become payable to it by reason of the death of Hitesman.

To this demand the defendant refused to accede.

The demurrer to the declaration presents for determination the question whether, under the facts detailed in the pleadings, by-law No. 16, above quoted, affords a legal justification for the defendant's refusal to pay the Hitesman death benefit.

What effect the suspension of a local council, for failure to pay its assessments, would have upon its right to collect those death benefits which had accrued during the period of its default, we are not required to determine; for it is clear, from a reading of the by-law, that a local council does not become suspended from the department merely by its failure to pay an assessment within thirty days after it becomes due, and without action taken by the national council. The expression "shall be suspended," contained in the by-law, indicates that proceedings are to be taken by the national council for the accomplishment of that result, after the default has continued for the specified time, and until such proceedings are taken and completed the local council still retains its membership in the department.

As no proceedings had been taken by the defendant, looking to the suspension of the plaintiff for its default in the payment of its assessment, the liability of the former must depend upon whether or not a local council, which continues to be a member of the funeral benefit department, forfeits permanently its right to be paid those benefits which accrue while it is in default in the payment of assessments levied upon it.

The letter of the by-law settles this question, and settles it adversely to the contention of the defendant. It declares that the right to receive such benefits shall be forfeited, not permanently, but only "until all arrearages are paid." When those arrearages are paid by the local council and accepted by the national council, the local council is restored to all its rights in the funeral benefit department and is entitled to receive not only those benefits which may thereafter accrue, but also those which have theretofore accrued but have remained unpaid on account of the failure of the local council to meet the assessments which have been levied upon it.

The plaintiff is entitled to judgment on the demurrer.