OF THE

# STATE OF NEW JERSEY

JUNE TERM, 1917.

---

CHARLES FLECKENSTEIN, JR., BY CHARLES FLECKEN-
STEIN, SR., HIS NEXT FRIEND, AND CHARLES FLECK-
ENSTEIN, SR., INDIVIDUALLY, APPELLANTS, v. THE
GREAT ATLANTIC AND PACIFIC TEA COMPANY, A COR-
PORATION, RESPONDENT.

Submitted July 9, 1917—Decided November 19, 1917.

1. Merchants invite the public to enter their stores to buy wares, but
those who accompany them, without any intention of purchasing,
are not invitees but mere licensees.
2. The duty of a landholder to one who enters his premises by mere
license is not to keep the premises in a non-hazardous state, but
only to abstain from acts willfully injurious to the licensee.

---

On appeal from the Supreme Court.

For the appellants, *William Pennington, Charles C. Pil-
grim* and *Frederic C. Ritger.*

For the respondent, *Edward T. Magoffin, Martin Conroy*
and *Edwin N. Moore* (of the New York bar).

The opinion of the court was delivered by

WALKER, CHANCELLOR.   This is an action by a son and his father for damages for injuries sustained by the son through the alleged negligence of the defendant.

The facts are these:   On November 30th, 1915, Charles Fleckenstein, Jr., aged about twelve years, accompanied his friend Anthony Young, who was about fifteen years of age, into defendant's store.   Young intended to make purchases, and did so, but Fleckenstein did not intend to buy anything, in fact, bought nothing and merely accompanied his friend on the latter's business.   While Young was being waited on the store manager directed a boy to open a box of pork and beans.   The opening of the box was in nowise connected with Young's purchases, and neither Young nor Fleckenstein had any interest whatever in the box.   At this time Fleckenstein was standing beside Young, and the box was about three feet away from him.   He was watching the boy, who was stooping down to open the box, on the side away from Fleckenstein. The boy proceeded to pry off the lid by inserting a hatchet under it and by striking the hatchet head with a hammer. While this was being done a fragment of metal flew into Fleckenstein's eye and destroyed the sight.

At the close of the plaintiff's case the court granted a motion for nonsuit.

The question arises, Was the infant plaintiff lawfully upon defendant's premises, and, if so, was he an invitee or licensee? In our judgment, he was lawfully in the store of the defendant, not as an invitee, however, but only as a licensee.

Merchants invite the public to enter their stores to buy wares.   It cannot be said that they invite the entrance of those who accompany them, but who have no intention of purchasing; such persons are mere licensees.   While it may be that they invite those to enter, who, after inspecting their wares may become purchasers, such an invitation did not extend to young Fleckenstein, when he accompanied his friend Young into the store, as he, Fleckenstein, admittedly, had no intention of purchasing anything.

This court, in *Saunders* v. *Smith Realty Co.*, 84 *N. J. L.* 276, said (at *p.* 279) that where the use of property is permissive, the owner is under no obligation to the users except to abstain from acts which are willfully injurious.

In *Fitzpatrick* v. *Glass Manufacturing Co.*, 61 *N. J. L.* 378, the Supreme Court held that the owner of lands is under no obligation to keep them in a safe condition for the use of a person who comes upon them not by the invitation of the owner, but merely by his permission.

And this court, in *Delaware, Lackawanna and Western Railroad Co.* v. *Reich*, 61 *N. J. L.* 635 (at *p.* 643), held—

"The *general* rule with regard to the duty which a landowner owes to persons coming upon his premises is that where the entry is made by his invitation, either express or implied, he is required to use reasonable care to have his premises in a safe condition; but where the entry is made merely by his permission * * * the landowner is under no obligation to keep his premises in a non-hazardous state; his only duty to a licensee or a trespasser is to abstain from acts willfully injurious. And this rule has been frequently enforced by the courts of this state. *Phillips* v. *Library Company*, 55 *N. J. L.* 307; *Mathews* v. *Bensel*, 51 *Id.* 30; *Vanderbeck* v. *Hendry*, 34 *Id.* 467; *Fitzpatrick* v. *Glass Manufacturing Co.*, supra; *Turess* v. *New York, Susquehanna and Western Railroad Co.*, 61 *N. J. L.* 314."

There is no pretence in the matter before us that the infant plaintiff was injured by a willful act of any of the defendant company's employes, and that is entirely dispositive of the case. The judgment of nonsuit was right and must be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ.   10.

*For reversal*—GARRISON, MINTURN, KALISCH, JJ.   3.