SEYMOUR FEINGOLD, BY JACOB L. FEINGOLD, HIS FATHER, AND NEXT FRIEND, AND JACOB L. FEINGOLD, INDIVIDUALLY, PLAINTIFFS-APPELLEES, v. S. S. KRESGE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 25, 1935—Decided January 31, 1936.

For the defendant-appellant, *James B. Avis* and *Frank Sahl.*

For the plaintiffs-appellees, *George B. Marshall.*

The opinion of the court was delivered by

BODINE, J. A woman, accompanied by her three-and-a-half-year-old son, went to the defendant's store in Woodbury to make a purchase of candy for him. The child while in the store was severely injured by the fall of a rack containing a display of pictures. The rack was a flimsy con-

trivance fastened neither to the floor or wall. There was no error in the submission of the case to the jury. Obviously, the doctrine of *res ipsa loquitur* applied. *Law* v. *Morris,* 102 *N. J. L.* 650. Judge Green defined the doctrine in *Mumma* v. *Easton and Amboy Railroad,* 73 *Id.* 653, as follows: "This principle is that, when through any instrumentality or agency under the management or control of a defendant or his servants, there is an occurrence injurious to the plaintiff, which, in the ordinary course of things, would not take place if the person in control were exercising due care, the occurrence itself, in the absence of explanation by the defendant, affords *prima facie* evidence that there was want of due care."

The proofs showed that the picture rack was not only under the control of the defendant, but was constructed and set up by its manager. In the ordinary course of things display racks do not fall. The defendant offered no explanation as to how the accident occurred.

The pleadings and proofs raised an issue which the defendant failed to meet. There was no legal basis for either a nonsuit or a directed verdict.

The case went to the jury on the theory that the infant plaintiff was present in the store by invitation. "The rule is that an owner or occupier of premises, who by express invitation or by invitation to be implied from acts and conduct, induces a person to make use of the premises, is under a duty to exercise ordinary care to render the premises reasonably safe for such purposes. *Phillips* v. *Library Co.,* 55 *N. J. L.* 307." *Gibeson* v. *Skidmore,* 99 *Id.* 133. Also *Mayes* v. *Splitdorf Electrical Co.,* 94 *Id.* 460.

It is manifest that the merchant's invitation extends to customers entering to make purchases. 45 *C. J.* 815. The candy to be purchased, as stated, was for the youngster. He was, therefore, as much a customer as his mother. In *Fleckenstein* v. *Great Atlantic and Pacific Tea Co.,* 91 *N. J. L.* 145, the injured boy was not in the store by invitation. Moreover, the question of the alleged lack of invitation in the case was not raised in the court below and is, therefore, not before us. *Durant* v. *Palmer,* 29 *Id.* 544.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.