GERALDINE DEN BRAVEN, AN INFANT, BY HER NEXT FRIENDS, WILLIAM DEN BRAVEN, JR., AND MARIE DEN BRAVEN, AND WILLIAM DEN BRAVEN, JR., AND MARIE DEN BRAVEN, INDIVIDUALLY, PLAINTIFFS–APPELLANTS, v. MEYER BROTHERS, A BODY CORPORATE OF NEW JERSEY, DEFENDANT–RESPONDENT.

Argued February 7, 1949—Decided February 28, 1949.

*Mr. David Cohn* argued the cause for the plaintiffs-appellants.

*Mr. James B. Emory* argued the cause for the defendant-respondent (*Messrs. Markley & Broadhurst,* attorneys).

The opinion of the court was delivered by

ACKERSON, J. This action was instituted on behalf of a girl, eleven years of age, to recover damages for injuries alleged to have been sustained when her right leg was caught between the outer edge of a wing and the concave frame of a

revolving door at the entrance to the defendant's department store, and also to recover for her parents the damages alleged to have been sustained by them in consequence thereof. The trial resulted in a non-suit and this appeal is from the judgment entered thereon.

The girl had gone to the store with her mother who was going to purchase some clothing for her. The mother entered one of the four compartments of the door and, by taking hold of a bar on the wing in front of her, stopped the revolution of the door. The daughter then proceeded to enter the next compartment and had gotten in, with the exception of her right leg, when the door started to revolve again and her leg was caught between the edge of the wing and the frame of the door and she was injured.

The plaintiffs urge, as their only ground for reversal, that the evidence and the inferences therefrom were sufficient to require the court below to submit the question of the defendant's alleged negligence to the jury.

The complaint alleges that the infant plaintiff was, under the circumstances, an invitee; that defendant knowingly permitted the revolving door to be maintained and used in a defective and dangerous condition, and with knowledge of the large number of customers using the store, it failed to have sufficient attendants and guards to control the crowds in the use of this door.

On the latter point it must be noted that the mere presence of a crowd entering or leaving a store does not, in itself alone, constitute actionable negligence, *Thurber v. Skouras Theatres Corp.*, 112 *N. J. L.* 385, 387 *(Sup. Ct.* 1933); *Williams v. Essex Amusement Corp.*, 133 *Id.* 218, 219 *(Sup. Ct.* 1945*)*. And the record is barren of any evidence indicating that the actions of the crowd, if there was a crowd, were out of the ordinary, or such as to endanger the safety of the customers entering or leaving the store through the door in question, or contributed in any way to the accident. Revolving doors are now so common that in any ordinary case, such as this, the presence of attendants, to assist the users thereof

safely through, is not to be considered a legal duty. *Feith v. Kresge Dep't. Store Co.*, 114 *N. J. L.* 286, 289 *(E. & A.* 1934).

Furthermore, we find no evidence that the door, or the mechanism, was improper, defective or dangerous at any time prior to this occurrence. The proofs in the case lead to only one conclusion, and there are no inferences to be drawn therefrom showing negligence on defendant's part. They show that the mother in the compartment ahead and someone in the compartment in back of the daughter controlled the movement of the door. The accident occurred because the girl did not get her leg in quickly enough. True she testified that as she was bringing in her right leg "it got caught in the leaf behind the cubicle" she was in and the cubicle "got smaller; it seemed like it collapsed". The chain between the leaves of that cubicle was loose and the chains between the others were tight. But these conditions, if they existed, were observed after her leg was caught between the edge of the wing and the frame of the door and probably resulted therefrom. The same is true of the testimony of her mother. All such observations were made after the accident had occurred and did not pertain to nor indicate conditions existing prior thereto which were the proximate cause thereof.

The witness, Sager, called as an expert on revolving doors, was not helpful to the plaintiffs. He was asked what effect a relaxed chain would have on a wing of the door and he replied that "It *could* throw the door off". When asked what he meant by throwing the door off, he said "Why, it would lengthen the door and shorten another door". His inspection was made three years after the accident and he did not say that the chains were then loose or defective.

██ Nor are the plaintiffs aided by the doctrine of *res ipsa loquitur*. In order to set the rule in operation "The thing causing the accident must have been under the control of the defendant or his servant at the time of the accident". While the defendant in this case had the general management of the door itself, nevertheless, the actual control of the movement thereof at the time of the accident was in others who were using it. *Vide Dunn v. Hoffman Beverage Co.*, 126 *N.*

*J. L.* 556, 559 *(E. & A.* 1941*).* The doctrine can only be invoked when the proof of negligence is furnished by the occurrence itself. *Hochreutener v. Pfenninger,* 113 *N. J. L.* 317, 319 *(E. & A.* 1934*),* and that is not the situation here.

We note in conclusion the defendant's contention that the infant plaintiff was, in any event, merely a licensee to whom no duty was due except to abstain from wanton and wilful injury, citing the case of *Fleckenstein v. Great A. & P. Co.,* 91 *N. J. L.* 145 *(E. & A.* 1917*).* The holding in that case does not apply here, for there the injured boy entered the store with his friend, who was making a purchase for himself. Here the mother intended to purchase clothing for her daughter, who came into the store with her for that purpose and thus became an invitee.

The judgment below is affirmed

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal:* None.