14 N.J. Super. 193 (1951)
82 A.2d 4
BEATRICE LEWIN AND ALEX LEWIN, PLAINTIFFS-APPELLANTS,
v.
OHRBACH'S, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1951.
Decided May 31, 1951.
*195 Before Judges McGEEHAN, JAYNE and Wm. J. BRENNAN, JR.
Mr. Herman J. Harris argued the cause for appellants (Messrs. Harris & Harris, attorneys).
Mr. Wilbur A. Stevens argued the cause for respondent; Mr. James N. Marinello, on the brief.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
At the close of the plaintiffs' case, the district court judge granted the defendant's motion for judgment. The plaintiffs' appeal is before us on a statement of the evidence and proceedings settled and approved by the trial judge pursuant to Rules 1:2-23 and 4:2-6.
The pertinent parts of the statement follow:
"The plaintiff-appellant, Beatrice Lewin, testified that on April 17, 1950, at noon, she accompanied her two sisters to the store of the defendant-respondent on Market Street, Newark, New Jersey, to assist one of her sisters in purchasing a coat; that the store *196 was of a self-service character; that she went to the basement where coats were displayed on loose hangers on double racks which she described as being 5 feet high and 8 feet long; that there were many racks with coats and that the space between the racks was 5 feet; that there were many people handling coats; that there were no salesgirls present; that the area was crowded with people; that there were many people close to her; that she could not see the floor for any distance except that in order to see anything on the floor she had to look straight down in front of herself; that there were coats on the racks and some thrown over the racks; that she tripped and fell over a hanger which she did not see and when she was picked up from the floor there was a coat hanger around her ankle; that on the day in question she did not intend to make a purchase for herself; that on other occasions she had gone into the store with no intention of making a purchase but had purchased an article while there. She had been to the store on previous occasions and it was sought to bring out from her the condition as to crowds on other occasions, but such testimony was objected to and sustained, the court stating that it was only interested in what happened on this day. She testified to her injuries and disability. There was no cross-examination.
Miss Annette Steinberg, sister of said plaintiff, testified substantially the same as the plaintiff. The court refused to permit testimony by this witness as to the crowded condition of the store on previous occasions when she was there. On cross-examination she was shown a written statement which she made in which she stated that `the store was not crowded, no pushing or jostling.' The statement was marked Exhibit D-1 for identification. On redirect examination she testified that there were lots of people in the area of the coats.
Mrs. Sylvia Ackerman, another sister of the plaintiff, testified substantially the same as the plaintiff, except that she was in an adjoining aisle of racks and did not see her sister fall and that there were quite a few people there and people all around trying on coats.

* * * * * * * *
The court granted the motion for a judgment for defendant on the grounds that no prima facie case had been set forth against the defendant and no notice to the defendant was proven."
The first question is whether plaintiff Beatrice Lewin was an invitee or a licensee. The defendant claims that she was a mere licensee, relying mainly on Fleckenstein v. Great Atl. & Pac. Tea Co., 91 N.J.L. 145 (E. & A. 1917). The argument advanced is that a merchant's implied invitation to enter his shop extends only to a person entering with the intention of purchasing (Fleckenstein v. Great Atl. & Pac. *197 Tea Co., above); a person entering with one who intends to make a purchase for him (Feingold v. S.S. Kresge Co., 116 N.J.L. 146 (E. & A. 1936)); and a person entering for the purpose of inspecting the merchandise, with at least a vague idea of buying if a suitable article is found (MacDonough v. Woolworth Co., 91 N.J.L. 677 (E. & A. 1918)). But the sweep of the merchant's implied invitation is not so confined. Included in the implied invitation are persons who enter on a business having a potentiality for pecuniary profit to the merchant. Cf. Prosser on Torts (1941), ch. 14, § 79, p. 637; Salmond, Law of Torts (10th ed. 1945), p. 478; Restatement, Torts, §§ 332, 343, comment a. The Fleckenstein case, above, is not to the contrary. There, the proofs were that the injured plaintiff "Charles Fleckenstein, Jr., aged about twelve years, accompanied his friend Anthony Young, who was about fifteen years of age, into defendant's store. Young intended to make purchases, and did so, but Fleckenstein did not intend to buy anything, in fact, bought nothing and merely accompanied his friend on the latter's business." The court held that the plaintiff was not an invitee but merely a licensee, apparently because of the absence of any proof to show that the plaintiff entered on a business having a potentiality for pecuniary profit to the merchant. We find in our cases no disposition to give any broader scope to the holding in the Fleckenstein case. Cf. Den Braven v. Meyer Brothers, 1 N.J. 470 (1949); Feingold v. S.S. Kresge Co., above; MacDonough v. Woolworth Co., above. In the case before us, the injured plaintiff entered the shop in company with her sister, who intended to purchase, and for the purpose of aiding her sister in making the purchase. The business upon which she entered had a potentiality for pecuniary profit to the defendant; therefore, she was an invitee.
The parties agree that, as to an invitee, the following principles cited from Schumann v. Horn & Hardart Baking Co., 8 N.J. Super. 153 (App. Div. 1950), are applicable:
*198 "One who invites persons to come upon his premises is under a duty to exercise ordinary care to render the premises reasonably safe for such purpose. * * * The proprietor of a store is not an insurer, but he is liable (1) for defects of which he knows or (2) defects which have existed for so long a time that, by the exercise of reasonable care, he had both an opportunity to discover and to remedy. * * * Where an act is negligent it is not necessary to render it the proximate cause that the person committing it could or might have foreseen the particular consequence or precise form of the injury, or the particular manner in which it occurred, if by the exercise of reasonable care it might have been foreseen or anticipated that some injury might result. * * *"
But this invitee failed to make out a prima facie case of negligence against the defendant under these principles. There was no proof that any agent, servant or employee of the defendant caused the hanger to be on the floor, no proof that the defendant knew it was there, and no proof that it was there for a sufficient length of time to give the defendant a reasonable opportunity to discover and remedy the condition. Cf. Oelschlaeger v. Hahne & Co., 2 N.J. 490 (1949).
Nor was there any evidence of circumstances from which a legitimate inference could be drawn that the defendant failed to use reasonable foresight to prevent harm or damage to an invitee upon its premises. Cf. Higgins v. Goerke-Krich Co., 91 N.J.L. 464 (Sup. Ct. 1918). The mere presence of a crowd in a store does not constitute actionable negligence. Den Braven v. Meyer Brothers, above; cf. Thurber v. Skouras Theatres Corp., 112 N.J.L. 385 (Sup. Ct. 1934).
The trial court did not err in excluding testimony offered by the plaintiffs as to crowds in the defendant's store on previous occasions. As stated above, the presence of crowds in the defendant's store, standing alone, would not constitute actionable negligence. The plaintiffs' argument is that this testimony was admissible to show that the dangerous condition causing the accident in this case was a condition of long standing such as would make the defendant legally chargeable with notice of the particular dangerous condition, or at least oblige the defendant to go forward with evidence *199 showing that it used reasonable foresight to prevent injury by furnishing reasonable supervision or by making reasonable inspection. Suffice it to say that the proffered testimony would not even tend to show that the dangerous condition complained of, namely, a hanger on the floor, was a condition of long standing, or that it had occurred under the same or similar circumstances on so many prior occasions as to make the defendant legally chargeable with notice of the particular condition. Cf. Zizi v. Gabriele D'Annunzio Lodge No. 22, 14 N.J. Super. 200 (App. Div. 1951). The plaintiffs rely upon Kalb v. Fisher, 5 N.J. Misc. 977 (Sup. Ct. 1927), affirmed 105 N.J.L. 491 (E. & A. 1929) and Weinstein v. R.H. Macy & Co., 296 N.Y.S. 341 (Sup. Ct., App. Term 1937), but these cases are of no aid to plaintiffs. In the Kalb case the proofs showed that the dangerous condition complained of had occurred on a number of prior occasions and that the defendant had both actual and constructive notice of the dangerous condition. In the Weinstein case the plaintiff was injured while ascending an ordinary stairway, when she was pushed by other customers constituting part of a large crowd. There, the judgment for plaintiff was reversed because of the absence of proof of the continual presence of crowds creating a dangerous condition on the stairway.
The doctrine of res ipsa loquitur does not apply in the circumstances of this case. Cf. Oelschlaeger v. Hahne & Co., above. The plaintiffs rely upon Robinson v. Atlantic & Pacific Tea Co., 54 N.Y.S. (2d) 42 (Sup. Ct., App. Term 1945), but that case dealt with a different set of circumstances and the court there held that res ipsa loquitur applied.
Affirmed.