28 N.J. Super. 266 (1953)
100 A.2d 558
PATRICIA MURPHY, AN INFANT BY HER GUARDIAN AD LITEM, JERRY P. MURPHY, PLAINTIFF-APPELLANT,
v.
LLOYD J. KELLY, TRADING AS INDEPENDENT MEMORIAL COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1953.
Decided November 16, 1953.
*267 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Harry A. Walsh argued the cause for appellant (Mr. Thorn Lord, attorney).
Mr. Lester C. Leonard argued the cause for respondent.
The opinion of the court was delivered by EWART, J.A.D.
This appeal brings up for review the legal propriety of a summary judgment entered in favor of the defendant and against the plaintiff on May 28, 1953, after a pretrial conference had May 25, 1953. An earlier motion by the defendant for summary judgment, made before the assignment judge December 19, 1952, had been denied. The pretrial conference was presided over by a different judge than the assignment judge who had denied the earlier motion. It has been established that where the only question involved at the pretrial conference is one of law and the parties are afforded a full opportunity to be *268 heard on the question, the court may grant summary judgment even without a formal motion therefor. Sheild v. Welch, 4 N.J. 563 (1950).
At the pretrial conference the court had before it the complaint, the answer, plaintiff's answers to interrogatories, and the factual statements contained in the memoranda submitted to the court by counsel for the respective parties pursuant to the requirements of R.R. 4:29-3. The facts disclosed by these documents were that on July 8, 1951 the infant plaintiff Patricia Murphy, about six years of age, accompanied her father, Jerry P. Murphy, and her maternal grandmother, Mrs. Marie Moran, to the defendant's place of business at 1100 South Olden Avenue in Hamilton Township, Mercer County, for the purpose of making a final payment on a monument purchased by plaintiff's family from the defendant for erection over the grave of the infant's mother who had recently died. The child was in the custody of her father and grandmother. They entered the premises of the defendant by way of a sidewalk and approached the office of the defendant when they were met on the sidewalk outside of the office doorway where they proceeded to transact their business with the defendant. The infant plaintiff, when last seen before the occurrence of the accident hereafter mentioned, was standing on the sidewalk within a few feet of her father when she was heard to scream and was then seen in the middle of the sidewalk about five feet distant from her father, and lying across the sidewalk was a stone monument in the shape of a cross which had fallen from its base adjacent to the sidewalk onto the infant plaintiff's foot, causing serious and painful injuries, ultimately resulting in the amputation of the plaintiff's large toe on the left foot.
Plaintiff contends that the infant was an invitee to whom the defendant owed a duty of due care, whereas defendant contends that plaintiff was a licensee to whom defendant owed only a duty of refraining from willful acts intended to or liable to cause injury to the plaintiff. Defendant relies heavily upon the case of Fleckenstein v. A. & P. Tea Co., 91 N.J.L. 145 (E. & A. 1917), whereas the plaintiff relies *269 principally upon the case of Walec v. Jersey State Electric Co., Inc., 125 N.J.L. 90 (Sup. Ct. 1940), and other authorities hereinafter cited.
In the Fleckenstein case, supra, the plaintiff, a boy of the age of 12 years, wandered into the defendant's store in company with his friend, another boy of the age of 15 years. The latter intended to make a purchase, but the infant plaintiff had no purpose but to accompany his friend on the latter's business. The infant plaintiff suffered an injury to his eye while watching an employee of the store pry open a box of merchandise, a piece of metal having accidentally struck him in the eye. Under the circumstances mentioned our court of last resort held that the infant plaintiff was a mere licensee who could recover only for an injury caused by a willful act of the defendant, and that he was not an invitee to whom the defendant owed a duty of due care.
In the Walec case, supra, the plaintiff was an infant of the age of five years and entered defendant's store accompanied by her mother and grandmother. In the front part of the store was an opening in the floor giving access down a flight of steps to the cellar. The entrance to the opening was guarded by a collapsible gate, but at the time of the accident the gate had been tied back with a string and held to one side so that it afforded no guard against the opening in the floor. There was neither a light, nor a sign, nor a guard to warn the public of the existence of the opening in the floor excepting a rail alongside of the opening, which rail was partially concealed by a pile of merchandise. In that case the infant fell into the opening and suffered injuries. The trial court thought there was sufficient evidence of negligence, but that proof was lacking as to just how the accident occurred and therefore non-suited the plaintiff. On appeal the Supreme Court reversed the judgment and held that the infant plaintiff was an invitee and that, as such, she was privileged to go to any part of the store reserved to the use of the customers; that the opening in the floor should have been guarded in some fashion; that the facts and circumstances mentioned reasonably justified an inference that the *270 injury was caused by the defendant's negligence in not protecting the opening; and that the proofs would support a conclusion that the defendant was probably at fault.
Neither the Fleckenstein case, supra, nor the Walec case, supra, have been overruled.
However, the Fleckenstein case has been distinguished on the facts in numerous subsequent cases, including, Gibeson v. Skidmore, 99 N.J.L. 131 (E. & A. 1923); Paiewonsky v. Joffe, 101 N.J.L. 521 (E. & A. 1925); Davidson v. Providence Washington Ins. Co., 9 N.J. Misc. 1085 (Sup. Ct. 1931); Feingold v. Kresge Co., 116 N.J.L. 146 (E. & A. 1935); DenBraven v. Meyer Bros., 1 N.J. 470 (1949); Shimp v. Pennsylvania R.R. Co., 11 N.J. Super. 88 (App. Div. 1951); and Lewin v. Ohrbach's Inc., 14 N.J. Super. 193 (App. Div. 1951). In the case last cited the plaintiff, not an infant, accompanied her sister to defendant's store for the purpose of assisting the sister in the purchase of a coat. Plaintiff tripped over a coat-hanger on the floor and fell, suffering injuries. In that case the Appellate Division held (pages 196-197) that included in the implied invitation by the storekeeper are persons who enter on a business having a potentiality for pecuniary profit to the merchant and that:
"We find in our cases no disposition to give any broader scope to the holding in the Fleckenstein case,"
that is, no broader scope than the facts of that particular case warranted.
The vital question to be determined in the case now before us is whether the infant plaintiff occupied the status of an invitee or that of a licensee. Her father and grandmother were on the defendant's premises for the purpose of paying the balance remaining due on a bill owing to the defendant, and certainly their errand and business had a potentiality for a pecuniary profit to the defendant. But can the infant plaintiff be said to have been included in the implied invitation by the defendant to the infant's father and grandmother to enter the defendant's premises for the purpose of transacting business with him? The decisions of the old Supreme *271 Court in the Walec case, supra, and of the Appellate Division in Lewin v. Ohrbach's Inc., supra, would seem to indicate that the implied invitation was sufficiently broad to include the plaintiff in this case and that such implied invitation is not limited to the particular individual with whom the business is being transacted.
Restatement, Torts, § 332 (d) deals with the problem as follows:
"So, too, a child taken by a mother or nurse to a shop is a business visitor; and this is so irrespective of whether it is necessary for the customer to take the child with her in order to visit the shop."
The editors of Corpus Juris Secundum take a similar view. In 65 C.J.S., Negligence, § 43 (4) (f), the headnote reads as follows:
"In order to be an invitee or a business visitor it is not necessary that the visitor should himself be on the premises for the purpose of the possessor's business, but it is sufficient that he be on the premises for the convenience or necessity of one who is on the premises for such a purpose."
There are many authorities outside of New Jersey that express similar views. Witness the following:
Dunbar v. Ferrera Bros., 306 Mass. 90, 27 N.E.2d 675 (Sup. Jud. Ct. 1940). In that case a child was accompanying its parent on a shopping errand in the store; a stick fell striking and injuring the child; and the child was permitted to recover on the basis that it was an invitee.
Belcher v. John M. Smyth Co., 243 Ill. App. 65, 69, cited 58 A.L.R. 139 (App. Ct. 1926), involves the case of a six-year-old boy who accompanied his parents into defendant's store where the parents intended purchasing linoleum. A standing roll of linoleum fell on the child and inflicted injuries resulting in his death. Recovery was permitted for the injuries and death of the child notwithstanding the child might have touched or pushed against the roll of linoleum, the court holding that the defendant was bound *272 to know that normal children of tender years might come in contact with the linoleum rolls and, therefore, it was his duty to see that its goods were so stored and kept that customers and their children, who were rightfully in the store, would not be unduly exposed to danger.
Kremer v. Vim Co., 306 Ill. App. 476, 28 N.E.2d 811 (App. Ct. 1940), dealt with the case where a father carrying his infant child slipped on the wet entranceway, resulting in injury to the child. Recovery for the injuries suffered by the child was permitted on the theory that the child was an invitee.
Custer v. A. & P. Tea Co., 43 A.2d 716, 717 (Mun. Ct. App., D.C. 1945). In that case an infant girl 20 months of age, accompanied her mother to the defendant's store, it being the mother's purpose to buy groceries. While the mother was selecting groceries and the child was a few feet from her in the aisle, a bottle of charged water on a shelf exploded causing flying glass to strike the child about the face and resulting in permanent injuries and disfigurement. The trial court granted defendant's motion for a directed verdict on the theory that the child was a licensee and not an invitee. On appeal, the action of the trial court was reversed, the Court of Appeals stating:
"It should be said at once that this infant plaintiff enjoyed the status of an invitee to whom the defendant owed the duty of ordinary care, and not that of a mere licensee to whom it would have owed no duty except not willfully to do her harm. It was error to rule otherwise. We think it requires no elaborate reasoning to reach the conclusion that a 20-month old child accompanying its mother on a shopping mission has the same status as the mother."
The court remarked that by every consideration of custom, usage and common sense, the implied invitation extended to and included the mother's infant child as well as the mother who intended to transact business with the defendant.
Weinberg v. Hartman, 65 A.2d 805, 808 (Del. Super. Ct. 1949), dealt with a case where the infant plaintiff, 4 1/2 years of age, accompanied her father into defendant's mill for the *273 purpose of transacting business; a corn crusher was in operation, and while the father was transacting business with the defendant, the child fell into the corn crusher, suffering severe injuries. Defendant asserted that the infant was a licensee and not an invitee and that, therefore, it owed her no duty except to abstain from acts of a willfully injurious nature. In dealing with this contention, the court held that, while earlier decisions would sustain the proposition that in situations where children accompanied parents or other persons into a store building, the child having no interest in making the purchase, the child would occupy the status of a licensee, citing Fleckenstein v. A. & P. Tea Co., supra, that rule no longer prevails, citing Walec v. Jersey State Electric Co., supra, and numerous cases from other jurisdictions. The court reached the following conclusion:
"But the substantial majority of the more modern cases have long since departed from this rule (i.e., the rule in the Fleckenstein case) and now hold that a child who accompanies his parent to a store or other place of business open to the general public is an invitee, although neither a customer nor prospective customer * * * and this duty of reasonable care on the owner has logically been extended to include the children of the customers or potential customers."
The instant case is distinguishable on the facts from the Fleckenstein case, supra. In the latter case, the injured boy wandered into the defendant's store not as a customer, nor in company with his parents or other persons having jurisdiction or control over him, nor for the purpose of assisting in the transaction of the business that his boy companion had in mind, but apparently merely for the purpose of filling in time or to satisfy his curiosity. The court properly held him to be a licensee and not an invitee. In the instant case, however, the situation is quite different. The infant plaintiff accompanied her father onto the premises of the defendant in fulfillment of the father's purpose to pay to the defendant a balance remaining due on a bill owing the defendant. Both the infant plaintiff and her father were on the defendant's premises on business having a potentiality for pecuniary *274 profit to the defendant. Presumably the infant plaintiff accompanied her father, who was the defendant's customer, either for the convenience of the father or from necessity because the child was too young to leave by herself.
We adopt the view expressed in Walec v. Jersey State Electric Co., supra; in Lewin v. Ohrbach's Inc., supra; in the Restatement, Torts; in C.J.S., and in the other cases cited, that the implied invitation to enter upon the defendant's premises in the instant case included not only the infant's father who had business to transact with the defendant, but also the infant plaintiff who accompanied her father on that errand. That would appear to be the majority view outside of New Jersey and we think is not in conflict with the principle enunciated in Fleckenstein v. A. & P. Tea Co., supra, or in any other New Jersey case that has been called to our attention.
If the infant plaintiff was an invitee on the defendant's premises, as we believe she was for the reasons above stated, then defendant was under a duty to exercise reasonable care to safeguard the plaintiff and other customers against hazardous conditions liable to result in injuries. There is nothing in the record that discloses what caused the stone monument to fall on the child's foot, but as in the case of the roll of linoleum in Belcher v. John M. Smyth Co., supra, the defendant was under a duty to see to it that the stone monuments stored in its yard were not so insecure as to be liable to fall, thus exposing its customers to injury. Furthermore, in the absence of anything showing what caused the monument to fall and thus injure the infant plaintiff, the doctrine of res ipsa loquitur might well be invoked. Feingold v. Kresge Co., 116 N.J.L. 146 (E. & A. 1935).
The record before us does not make it entirely clear whether the accident to the child occurred on defendant's private walk, leading from the public walk through the yard to the entrance to the office of defendant's place of business (although that would seem to be the inference) or whether it occurred on the public sidewalk in front of the defendant's premises and yard. However, even if the accident occurred *275 in the latter place (and there is nothing definite in the record to show that it did occur there), nevertheless the defendant was still under a duty to exercise care with respect to travelers on the public sidewalk. Guinn v. D. & A. Telephone Co., 72 N.J.L. 276 (E. & A. 1905).
We cannot agree that the matters before the trial judge at the pretrial conference show palpably that there was no genuine issue as to any material fact and that the defendant was entitled to a judgment as a matter of law. R.R. 4:58-3.
Judgment reversed.