KUSKIN, J.T.C.
General Engines Company, Inc. has filed a motion seeking leave to appear as amicus curiae in this matter. For the reasons set forth below, I deny the motion but direct General Engines to file a summary judgment motion in accordance with the schedule for the filing of a summary judgment motion set forth in the Pretrial Order entered in this matter.[1]
The background to General Engines’ motion is as follows. Pfizer Inc. filed a complaint in the Tax Court challenging an assessment of corporation business tax imposed on it by defendant Director for tax year 2003. Among the issues raised by the Complaint is the facial constitutionality of the so-called “Throw Out Rule” appearing in N.J.S.A. 54:10A-6(B). Under this Rule, for purposes of calculating the sales fraction to be used in determining the amount of corporation business tax payable to New Jersey by a taxpayer that maintains a regular place of business outside this State, receipts that would be “assigned to a state ... of the United States ... in which the taxpayer is not subject to a tax on or measured by profits or income, or business presence or business activity, ... shall be excluded from the denominator of the sales fraction.” N.J.S.A. 54:10A-6(B). In a separate appeal (Docket No. 008807-2006), General Engines Co., Inc. v. Director, Div. of Taxation, 23 N.J.Tax 515 (2007), challenging an assessment of corporation business tax against it, General Engines also has challenged the facial constitutionality of the Throw Out Rule. That appeal has been assigned to me.
*423 The Pretrial Order entered in this matter provides that Pfizer will file a summary judgment motion with respect to the facial constitutionality issue. The motion is to be filed not later than June 1, 2007 and have a return date of July 6, 2007. The timing for filing of briefs and supporting papers in connection with the motion is to be governed by R. 4:46-1. To date, Pfizer has not filed the motion.
In seeking leave to participate in the Pfizer matter as an amicus curiae, General Engines asserts that the issue of the facial constitutionality of the Throw Out Rule is one of public importance, that General Engines has a special interest in the issue, and that participation by General Engines as amicus will not prejudice the parties and will assist in resolution of the issue. Both Pfizer and the Director oppose participation by General Engines as amicus curiae, arguing that: (1) counsel for Pfizer is highly qualified and well equipped to pursue the summary judgment motion without the assistance of another taxpayer, (2) participation by General Engines will not facilitate the resolution of the constitutional issue given the qualifications of counsel for Pfizer to litigate that issue, (3) participation by General Engines inevitably will delay the progress of the Pfizer action, and (4) participation by General Engines will materially increase the burdens of the Pfizer litigation borne by defendant Director.
Court Rule 1:13-9 provides that a court “shall grant [a motion for leave to appear as amicus curiae] if it is satisfied under all the circumstances that the motion is timely, the applicant’s participation will assist in the resolution of an issue of public importance, and no party to the litigation will be unduly prejudiced thereby.” In Ryan v. Commodity Futures Trading Commission, 125 F.3d 1062 (7th Cir.1997), Chief Judge Posner defined the standards for permitting a party to participate as an amicus as follows:
An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can
*424 help the court beyond the help that the lawyers for the parties are able to provide.
[Id. at 1063 (citations omitted).]
In Neonatology Associates, P.A. v. Commissioner, 293 F.3d 128 (3d Cir.2002), then Judge, now Justice, Alito, in permitting participation by an amicus, held that an amicus need not be impartial, id. at 132, and that “[e]ven when a party is very well represented, an amicus may provide important assistance to the court.” Ibid. A different view was expressed in Casey v. Male, 63 N.J.Super. 255, 164 A.2d 374 (1960) (decided before R. 1:13-9 was adopted). There, the court held, that, when a party seeking leave to appear as an amicus curiae is “patently partisan,” the appearance should not be permitted. Id. at 259, 164 A.2d 374. The court further held that adequacy of the representation of a party by existing counsel also is a consideration in whether to permit an amicus to participate in a matter. Id. at 260,164 A.2d 374.
I construe R. 1:13-9 as establishing a liberal standard for permitting amicus appearances. The Rule provides that the court “shall grant” a motion for such an appearance if the court is satisfied that the criteria set forth in the Rule are satisfied. Here, I am satisfied that General Engines’ motion is timely, at least in the sense of an application for leave to appear as an amicus. If anything, the motion could be deemed premature because Pfizer’s motion for summary judgment has not yet been filed. However, in view of the provisions of the Pretrial Order in this matter specifically contemplating Pfizer’s filing of a summary judgment motion by June 1, 2007 to be returnable July 6, 2007, I conclude that General Engines’ motion is not premature. I further conclude that the issue of the facial constitutionality of the Throw Out Rule is an issue of public importance because the determination of that issue could have an impact on many corporations subject to corporation business tax in New Jersey that maintain places of business outside this State. However, I conclude that counsel for Pfizer is fully competent to litigate the facial constitutionality issue, and under the special circumstances before me, General Engines’ participation as amicus will not “assist in the resolution” of the constitutional issue. Consequently, I deny General Engines’ motion.
*425 Permitting General Engines to participate in this matter as an amicus curiae would create the risk of a result in the General Engines appeal inconsistent with the result in this appeal. At the time I decide the facial constitutionality issue, I should have the benefit of all arguments that both Pfizer and General Engines wish to advance in support of their respective constitutional attacks on the Throw Out Rule. As an amicus, General Engines would not be bound by my decision and thus would not suffer any adverse consequences from reserving some arguments as to facial unconstitutionality until it files its own summary judgment motion in the context of its appeal. General Engines should not be in a position to proceed in this manner.
One possible solution would be to consolidate the General Engines appeal with this matter, but this is likely to delay the resolution of the Pfizer matter if the summary judgment motion is not dispositive. The two matters involve different facts. General Engines’ appeal was filed approximately eleven months after this appeal, and the two cases are likely to be in different stages of discovery and preparation as to issues requiring factual determinations. It would be unfair to burden Pfizer with a delay necessitated by a consolidation of its appeal with General Engines’ appeal.
The proper case management approach is to require Pfizer and General Engines to file simultaneous summary judgment motions as to the facial constitutionality issue. This will result in my having before me a full presentation of all arguments by both taxpayers and will assure that I will decide both matters in a consistent fashion. See Hunterdon Med. Ctr. v. Readington Tp., 391 N.J.Super. 434, 446, 918 A.2d 675 (App.Div.2007) (stating that certain circumstances “require a common sense approach and pragmatic application of the law”). Because the facial constitutionality issue is purely legal, I need not be concerned with the status of discovery in each matter.
Based on the foregoing analysis, I direct General Engines to file, by June 1, 2007, a summary judgment motion limited to the issue of the facial constitutionality of the Throw Out Rule. The *426 provisions of R. 4:46-1 will govern the timing of the filing of responsive and reply papers. The motion should be returnable on Friday, July 6, 2007. I will decide, after the Pfizer and General Engines’ motions have been filed and briefed, whether to hear them on the same date. In any event, I will not decide either motion until both have been fully briefed and argued.
I recognize that the foregoing ruling may impose additional burdens on counsel for the Director. I will adjust the schedule imposed by R. 4:46-1 to alleviate those burdens in the context of the General Engines’ motion upon a showing that counsel for the Director requires additional time to respond to the motion.

 On April 13, 2007, I issued a letter opinion containing the foregoing ruling. This opinion amplifies and refines my letter opinion.